UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH J. BROOKS,

                  Plaintiff,

v.                                           Case No. 25-cv-0439-bbc

JOHN GLINIECKI,

                  Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Keith Brooks, who is confined at the Columbia Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim based on allegations that Defendant John Gliniecki arbitrarily changed the administration orders for his anxiety medication after he was transferred from the Wisconsin Resource Center to the Kettle Moraine Correctional Institution. Dkt. No. 4. Gliniecki filed a motion for summary judgment on December 22, 2025. Dkt. No. 11. In a notice and order, the Court reminded Brooks that under Civil L. R. 56(b)(2) his response materials were due by January 21, 2025. Dkt. No. 16. The Court warned Brooks that, if he failed to respond to the motion by the deadline or request additional time to do so, the Court would accept all facts asserted by Gliniecki as undisputed, which would likely result in summary judgment being granted in his favor and the case being dismissed. The deadline has passed, and Brooks did not respond to the motion or provide any explanation about why he was unable to respond.

      The Court has reviewed Gliniecki's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Gliniecki and deemed true as a

result of Brooks' failure to respond, no jury could reasonably conclude that Gliniecki, a registered nurse, had the authority to change the frequency or dosing of Brooks' anxiety medication. Accordingly, because Gliniecki was not personally responsible for the alleged harm about which Brooks complains, he is entitled to summary judgment. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 11) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 11th day of February, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.